UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JASON DEVITO<br>    Plaintiff | : <br> : <br> : <br> : | Civil Action No. |
| v. | : <br> : | |
| UNTUCKIT NY1, LLC<br>    Defendant | : <br> : <br> : | April 20, 2026 |

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant, Untuckit NY1 LLC, respectfully states:

1.    On or about, March 19, 2026, an action was commenced against Defendant in the Superior Court for the Judicial District of Tolland, in the State of Connecticut, entitled Jason Devito vs. Untuckit NY1, LLC, bearing Docket No. TTD-CV26-6036100 ("State Action"). Plaintiff Jason Devito ("Plaintiff") filed a Complaint (Docket 100.31), Summons (Docket No. 100.30) and Return of Service (Docket No. 100.32) on March 24, 2026. No further proceedings have been had in the State Action.  Copies of all process, pleadings and orders served upon Defendant in said action are annexed hereto as Exhibit A.

2.    The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity jurisdiction.

3.    28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

4.    The Complaint alleges that Plaintiff is and was at all times relevant, a resident of Manchester, Connecticut. Therefore, upon information and belief, Plaintiff is a citizen of Connecticut for the purposes of diversity analysis.

5.    Defendant, Untuckit NY1, LLC, is a limited liability company formed under the laws of Delaware with a principal place of business in New York, NY.  The citizenship of limited liability company is determined by the citizenships of its members. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Ltd. Partnership, LLC*, 213 F.3d 48, 51-52 (2d Cir. 2000). Jurisdiction based upon diversity requires complete diversity such that the citizenship of the plaintiffs is different than that of each of the defendants. *Gunderson Amazing Fireworks, LLC v. Merrick Bank*, No. 12-CV-3869(JS)(WDW), 2013 U.S. Dist. LEXIS 136807, at *8 (E.D.N.Y. Sep. 24, 2013) (citations omitted). Defendant has two members: (1) Aaron Sanandres, an individual domiciled in the state of Florida and (2) Chris Riccobono, an individual domiciled in the state of New Jersey.

6.    There is complete diversity of citizenship because the Plaintiff (Connecticut) and the Defendant (Florida and New Jersey) are citizens of different states.

7.    There are no other defendants in this case.

8.    The amount in controversy in this matter exceeds $75,000. A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit

recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, at \*11 (D. Conn. Jan. 27, 2021) (internal citations omitted). The allegations of the Complaint demonstrate that this case meets the jurisdictional threshold. Plaintiff seeks back pay damages from the date of his last employment on May 12, 2025, through the date of trial. Plaintiff was a full-time employee making an annualized salary of $66,950.00 at the time of separation. If trial were to occur on or about May 2028, his claims for back pay alone could exceed the jurisdictional threshold.

Plaintiff also seeks damages for emotional distress. (Complaint ¶¶ 24) as well as attorney's fees in this action (*See* Complaint, Demand for Relief).  These potential sums would further satisfy the jurisdictional threshold, either on their own or in combination with some other element of Plaintiff's claimed damages.  Garden variety emotional distress damages in an employment matter can range from $8,000 to $55,000, with a range of $78,000 to $156,000 for "significant claims" and upwards of $156,000 for "egregious" emotional distress claims. *See Johnson v. City of New York*, 16 Civ. 6426 (KAM)(VMS), 2023 U.S. Dist. LEXIS 22582, at \*25 (E.D.N.Y. Feb. 8, 2023). Recently, this Court awarded a plaintiff's attorney $87,080 in fees following a plaintiff's verdict in a hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. *See Miro v. City of Bridgeport*, No. 3:20-cv-346 (VAB), 2024 U.S. Dist. LEXIS 14074, at \*12 (D. Conn. Jan. 26, 2024). Accordingly, Defendant respectfully submits that the amount in controversy in this case exceeds $75,000.

9. For the foregoing reasons, this Court has subject matter jurisdiction over this case as it meets the requirements for diversity jurisdiction.

10. Defendant first received the initial process setting forth the claim for relief upon which this action is based on March 19, 2026, and therefore, this Petition for Removal is filed with this Court within thirty (30) days of such receipt, as computed under Fed. R. Civ. P. 6(a).

11. Defendant submits this Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted.

12. This Petition will be filed promptly with the Superior Court for the Judicial District of Tolland as required by 28 U.S.C. § 1446(d).

13. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action advising of the filing of this Petition for Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the above action, now pending in the Superior Court, State of Connecticut, in the Judicial District of Tolland, be removed to this Court.

DEFENDANT,
UNTUCKIT NY1, LLC

By:*/s/ Justin E. Theriault*
Justin E. Theriault (ct28568)
Justin.Theriault@jacksonlewis.com
Matthew J. Epstein (ct31760)
Matthew.Epstein@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

5

## CERTIFICATION OF SERVICE

I hereby certify that on April 20, 2026, a copy of foregoing was filed electronically. A copy has been served by electronic mail on the following counsel of record:

Joshua C. Shulman
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT 06040
jshulman@beckeldergill.com

*/s/ Justin E. Theriault*
Justin E. Theriault

4898-6148-8287, v. 1